FIRST PYRAMID LIFE INS. CO. of America *v.*
J.Michael STOLTZ, as Special Administrator of the Estate
of J.P. Stoltz, Deceased

92-4                                    822 S.W.2d 389

Supreme Court of Arkansas
Opinion delivered February 34, 1992

*Peter G. Kumpe*, for appellant.

*Charles P. Boyd, Jr.*, for appellee.

PER CURIAM. The appellee, J. Michael Stoltz, moves this court to dismiss the appeal filed by appellant, First Pyramid Life Insurance Company (First Pyramid), on the grounds that First Pyramid did not timely file a notice of appeal in accordance with Ark. R. App. P. 4(c). The motion was denied.

The pertinent facts are as follows:

1.   On August 10, 1991, a Pulaski County jury returned a verdict in favor of Stoltz.

2.   On August 27, 1991, First Pyramid filed various post-trial motions, specifically, a motion to stay entry of judgment, a motion for judgment notwithstanding the verdict, and a motion for a new trial.

3.   On September 6, 1991, the trial court conducted a hearing in which it considered arguments pertaining to post-trial issues, including the above motions.

4.   On September 9, 1991, the trial court entered a final

judgment.

5. On September 10, 1991, First Pyramid filed a notice of appeal from the judgment.

Rule 4(c) provides that when post-trial motions are filed, the time for appeal runs from the entry of the order granting or denying the motion *provided*, "that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day." A notice of appeal filed before the expiration of the thirty-day period, when no action is taken by the trial court, is ineffective, and a new notice of appeal must be filed, measured from the expiration of the thirty-day period.

Stoltz contends that since the trial court never entered a formal order disposing of First Pyramid's post-trial motions, the motions were not deemed denied until September 26, 1991, thirty days from their filing, and thus First Pyramid's notice of appeal, filed on September 10, 1991, was invalid. We disagree.

From a reading of the transcript of the hearing conducted on September 6, 1991, for the purpose of considering the motion, it is clear that the trial court considered and rejected the arguments made in First Pyramid's post-trial motions. The trial court should have entered a formal order in this regard; however, such was not the case. It is obvious to this court, and should have been obvious to all of the parties, that the trial court's ruling was with regard to First Pyramid's motions and that the trial court's final judgment of September 9, 1991, was made in accordance with the court's decision of September 6, 1991. Contrary to the cases cited by Stoltz, and to previous decisions in which we addressed this procedural issue, the final judgment, here, was entered *after* the filing of and hearing on the post-trial motions, rather than before, and incorporated, at least by implication, the ruling of the trial court as to First Pyramid's post-trial motions. As a result, the filing of the notice of appeal on September 10, was appropriate. To hold First Pyramid to strict compliance with the thirty-day waiting period, in this instance, would go beyond what was contemplated by Rule 4(c).

The motion to dismiss the appeal is denied.